# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## Bill Barker v. Commonwealth.   No. 72.

### June 20, 1922.

Intoxicating Liquors—*Prohibition Act—Time of Sale—Evidence Insufficient to Support Verdict.*—Accused was convicted of the illegal sale of ardent spirits and objected that the verdict was without evidence to support it. There were two witnesses, one of whom testified that he did not know that he had bought any whiskey from accused within twelve months prior to the date of the indictment. The second witness testified that he bought whiskey from accused at other times than those to which he had testified in a previous trial at which accused was convicted, but could not remember the dates of such purchases. Upon being pressed, he said that these purchases were within the last twelve months.

> *Held:* That inasmuch as the indictment was found May 6, 1921, and the trial occurred September 16, 1921, this doubtful evidence fell short of showing that these other sales by the accused occurred within twelve months prior to May 6, 1921, and the verdict would . therefore be set aside.

Error to a judgment of the Circuit Court of Lee county.

*Reversed.*

The opinion states the case.

*Pennington & Pennington,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

Prentis, J., delivered the opinion of the court.

The accused has been convicted of the illegal sale

of ardent spirits, sentenced to imprisonment for six months, and fined $200.

It is only necessary to consider one of the errors assigned, and that is that the verdict is without supporting evidence. There were two witnesses. One in substance testified that he knew the accused; that he went to a car in the dark; that there were three or four men there, but he did not know who they were; that he bought two pints of whiskey, reaching into the car to get it; and that he did not recognize the accused as being present, and did not know that he had bought any whiskey from him within twelve months prior to the date of the indictment. The other witness, upon whose testimony the accused had just been convicted of the illegal sale of whiskey, testified that he bought whiskey from him at other times than those to which he had testified in the previous trial, but could not remember the times or dates of such other purchases. After this, upon being further pressed, he said that the other purchases were "within the last twelve months." Inasmuch as the indictment was found May 6, 1921, and the trial occurred September 16, 1921, this doubtful evidence falls short of showing that these other sales by the accused occurred within twelve months prior to May 6, 1921, as charged in the indictment.

The verdict will therefore be set aside as unsupported by the evidence, the judgment reversed, and the case remanded for a new trial if the Commonwealth shall be so advised.

*Reversed.*